# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:05CV277-MU-02

| | | |
|---|---|---|
| JAMES LEWIS HAMILTON, | ) | |
|     Petitioner, | ) | |
| | ) | |
|        v. | ) | ORDER |
| | ) | |
| SHERWOOD McCABE, Supt., | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of <u>Habeas Corpus</u>, filed June 15, 2005; on the respondent's "Motion To Dismiss On Statute Of Limitations Grounds . . . ," filed July 19, 2005; and on the petitioner's "Motion For Leave To Conduct Discovery," filed July 29, 2005.

For the reasons stated herein, the petitioner's Motion for Leave to Conduct Discovery will be <u>dismissed</u> as moot; the respondent's Motion to Dismiss will be <u>granted</u>; and the instant Petition will be <u>dismissed</u> as untimely filed.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the records submitted by the parties, on or about November 16, 2000, a jury convicted the petitioner of Attempted First Degree Murder and Assault by Pointing a Gun. On that occasion, the Superior Court of Union County sentenced the petitioner to a total term of 225 to 279 months imprisonment.

The petitioner timely gave his notice of appeal of those matters. However, the petitioner's convictions and sentences were affirmed by the North Carolina Court of Appeals, upon that Court's finding of "no error." See North Carolina v. Hamilton, No. 01-466, slip. op at 2 (N.C. App. Dec. 28, 2001) (unpublished). The State Court of Appeals' mandate was issued on January 17, 2002.

The petitioner did not seek any further direct review of his case. Thus, under North Carolina law, the petitioner's convictions and sentence became final in State court on February 1, 2002. See N.C.R.App.P. 14(a) & 15(b) (requiring notice of appeal or petition for discretionary review to Supreme Court to be filed within 15 days of appellate court mandate). Pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, the petitioner then had up to and including February 1, 2003 in which to file the instant federal habeas petition with this Court.

Obviously, the petitioner did not file this Petition by such February 2003 date. Instead, the petitioner waited about 117 days until May 30, 2002, when he filed a Petition for a Writ of Certiorari with the State Supreme Court. Inasmuch as there simply was no legal procedure by which the petitioner then was entitled to file a Certiorari Petition, such Petition was denied on June 27, 2002.

Then, after waiting an additional nine months (or about 250 days), on March 4, 2003, the petitioner initiated a round of collateral review by his Motion for Appropriate Relief ("MAR"

hereafter), which MAR was filed in the Superior Court of Union County. However, as is obvious from the foregoing, such MAR was filed <u>after</u> the petitioner's one-year limitations period under the AEDPA already had expired. Indeed, even when you excluded the time during which the petitioner's improperly filed <u>Certiorari</u> Petition was pending with the State Supreme Court, his one-year limitation period still expired two days before his pursuit of collateral review even was commenced.

In any event, the record further shows that the petitioner's MAR was denied on June 25, 2003; that a second <u>Certiorari</u> Petition was denied by the State Court of Appeals on February 12, 2004; and that a subsequently filed Petition for Discretionary Review was dismissed on October 6, 2004.

Undaunted by his lack of success, about eight months later, on June 14, 2005, the petitioner came to this federal Court and filed the instant Petition for a Writ of <u>Habeas Corpus</u>. However, as reflected in the foregoing recitation, the petitioner's Petition was filed far outside the one-year statute of limitations period. Therefore, this Petition must be <u>dismissed</u>.

## II. <u>ANALYSIS</u>

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the

judgment of a State court.  The limitation period shall run from

the latest of--

>    (A) the date on which the judgment became final by the
>    conclusion of direct review or the expiration of the time
>    for seeking such review:
>
>    (B) the date on which the impediment to filing an
>    application created by State in violation of the
>    Constitution or laws of the United States is removed, if
>    the applicant was prevented from filing by such State
>    action;
>
>    © the date on which the constitutional right asserted was
>    initially recognized by the Supreme Court; if the right
>    has been newly recognized by the Supreme Court and made
>    retroactively applicable to cases on collateral review;
>    or
>
>    (D) the date on which the factual predicate of the claim
>    or claims presented could have been discovered through
>    the exercise of due diligence.

However, the AEDPA provides that the time during which a

properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation

under this subsection.

Again, the record reflects that the petitioner's convictions

and sentence became final on February 1, 2002.  See 28 U.S.C.

§2244(d)(1)(A) (indicating that criminal judgment becomes final by

conclusion of direct review or expiration of time for seeking that

review).  Furthermore, although the petitioner did manage to file

a Certiorari Petition with the State Supreme Court, that filing did

not constitute an additional step in the petitioner's pursuit of

direct review, nor did it constitute the commencement of the

petitioner's pursuit of collateral review.  Thus, the petitioner's May 2002 filing is of no legal relevance for this Court in that it cannot be used to toll the petitioner's one-year limitations period.  Rather, under these circumstances, the petitioner's limitations period ran without interruption from February 2, 2002 until it fully expired on February 1, 2003.

Moreover, while the Court has noted that the petitioner also subsequently engaged in a full round of collateral review, such fact also is of little consequence in light of the circumstances of this case.  To be sure, by the time that the petitioner initiated his collateral proceedings with his MAR in March 2003, the time in which he could have filed this Petition already had expired a month earlier.  To put it simply, for the purposes of this federal <u>Habeas</u> Petition, the petitioner's March 2003 filing of his MAR came too little too late.

Furthermore, the petitioner has not attempted to offer a basis upon which this Court could find that his limitations period can be equitably tolled in order to render the instant Petition timely filed.  <u>See</u> <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2004) (<u>en banc</u>) (equitable tolling of the statute of limitations is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result"), <u>cert. denied</u>, 125 S.Ct. 209 (2004).  <u>See also</u> <u>United States v. Sosa</u>, 364 F.3d 507, 511-13 (4th Cir. 2004)

(same).

On the contrary, when the Court entered its Order advising the petitioner that the respondent's arguments concerning the statute of limitations was well taken, and directing the petitioner to respond to it, he responded merely with a Motion by which he requests that the Court expand its record to include copies of a 2001 Motion which he filed in State court seeking an extension of time to amend his appellate brief and the State Appellate Court's Order allowing such extension. It goes without saying, however, that since those documents relate to the period <u>before</u> the petitioner's convictions became final on direct review, they are not relevant to the question of whether the instant Petition was filed within one year of February 1, 2002. Consequently, the petitioner's Motion seeking an expansion of the record will be <u>dismissed</u> as moot.

### III.  <u>CONCLUSION</u>

The petitioner has failed to demonstrate that his <u>Habeas</u> Petition was timely filed in this Court. Accordingly, the respondent's Motion to Dismiss must be <u>granted</u>.

### IV.  <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  That the petitioner's erroneously captioned "Motion For Leave To Conduct Discovery," by which he actually is seeking an expansion of the record, is **DISMISSED as moot;**

2.  That the respondent's Motion to Dismiss the petitioner's

Petition is **GRANTED;** and

      3.   That the petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED.**

      **SO ORDERED.**

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge